IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MIESA BLAND AND CLAUDIA MORENO, § <br> ON BEHALF OF THEMSELVES AND § <br> ALL OTHERS SIMILARLY SITUATED, § <br> § <br> *Plaintiffs,* § <br> § <br> V. § <br> § <br> § <br> BALFOUR BEATTY § <br> COMMUNITIES LLC, § <br> § <br> *Defendants.* § | Civ. No.  5:14-CV-138 <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Miesa Bland ("BLAND") and Plaintiff Claudia Moreno ("MORENO"), on behalf of themselves and all others similarly situated (collectively "PLAINTIFFS"), file this Original Complaint against Defendant Balfour Beatty Communities, LLC  ("BALFOUR") and would show the Court as follows:

### I.   PRELIMINARY STATEMENT

1.   This lawsuit seeks damages against Defendant BALFOUR for violations of the Fair Labor Standards Act ("FLSA"), as amended.  BLAND and MORENO, on behalf of themselves and all other similarly situated employees, seek to recover unpaid wages, unpaid overtime, statutory liquidated damages, and reasonably attorneys' fees.  Moreover, BLAND and MORENO seek to certify this matter as a collective action under the FLSA.

1

## II.     PARTIES

2. Plaintiff BLAND is an individual residing in Bexar County, Texas.

3, Plaintiff MORENO is an individual residing in Bexar County, Texas.

4. Defendant BALFOUR is a Texas Corporation and may be served through its registered agent for service process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.  At all times during BLAND'S, MORENO'S and the similarly situated employees' employment, Defendant BALFOUR was the employer of BLAND, MORENO and the similarly situated employees as defined by 29 C.F.R. § 791.2.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."  In addition, this Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 because the claims arise under laws of the United States.

6. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV.     FACTUAL ALLEGATIONS IN SUPPORT OF FLSA CLAIMS

7.      At all times hereinafter mentioned, Defendant BALFOUR has been an employer and/or enterprise engaged in commerce within the meaning of the FLSA.  Defendant BALFOUR has employees engaged in interstate commerce.  Defendant BALFOUR has an annual gross volume of sales made or business done of not less than $500,000.  In addition, at all times hereinafter mentioned, BLAND, MORENO and the similarly situated employees were employees of Defendant BALFOUR and were engaged in commerce on behalf of Defendant BALFOUR as required by 29 U.S.C. §§ 206-207.

8.      Defendant BALFOUR employs personnel like, BLAND, MORENO and the similarly situated employees, as Resident Specialists to provide customer service to military residents and/or potential residents on its properties.  Said employees are assigned to either a 8 a.m. to 5 p.m. shift or a 9 a.m. to 6 p.m. shift.

9.      Defendant BALFOUR employed BLAND from December 2011 to on or about May 2013.

10.     Defendant BALFOUR employed MORENO from on or about August 6, 2006 to on or about September 29, 2013.

11.     When BLAND, MORENO and similarly situated employees worked over 40 hours per week, Defendant BALFOUR would not properly compensate said employees for hour worked over 40 hours per week.

12.     For example, Defendant BALFOUR required BLAND, MORENO and similarly situated employees to clock in and out at the beginning and end of their designated "shift" even though they were required to work prior to and after their designated shifts.

13. Moreover, when BLAND, MORENO and similarly situated employees performed mandatory duties and/or attended mandatory training outside of their normal shift hours, Defendant BALFOUR would not compensate them for the time worked and would not calculate said hours into their weekly hours worked.

14. In addition, Defendant BALFOUR'S management personnel adjusted the hours worked by BLAND, MORENO and similarly situated employees to reflect that the employee had worked less overtime hours than what was actually worked by the employee stating that they did not want to get in trouble for not obtaining approval to allow the employee to work overtime.

15. Defendant BALFOUR failed to make, keep, and preserve accurate records with respect to BLAND, MORENO and the putative class members, including actual hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

## V. CAUSE OF ACTION—FLSA-OVERTIME WAGES

16. The preceding paragraphs are incorporated by reference herein for all purposes.

17. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq*., and the supporting federal regulations, apply to Defendant BALFOUR and protect BLAND, MORENO and the putative class members.

18. Defendant BALFOUR failed to pay BLAND, MORENO and the putative class members overtime wages at time-and-a-half for hours that they worked over 40 hours in a workweek.

19. As a result of Defendant BALFOUR's unlawful acts, BLAND, MORENO and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

20. Defendant BALFOUR's unlawful conduct has been willful and intentional. Defendant BALFOUR was aware or should have been aware that the practices described herein are unlawful. Defendant BALFOUR has not made a good faith effort to comply with the FLSA with respect to the compensation of BLAND, MORENO and the putative class members.

21. Because Defendant BALFOUR's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

22. The preceding paragraphs are incorporated by reference herein for all purposes.

23. Pursuant to Section 16(b) of the FLSA, BLAND and MORENO bring this Complaint as a collective action, on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial. See Exhibit A and B attached hereto and incorporated by reference.

24. Defendant BALFOUR had a common policy of not compensating non-exempt employees for off-the-clock hours. As a result of this common policy or scheme, Defendant BALFOUR wrongfully denied non-exempt personnel of overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former non-exempt personnel who were not compensated for off-the-clock hours worked at any time during the three years preceding the filing of this Original Complaint. Plaintiffs are informed and believe, and based thereon, allege that there are other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of

Defendant BALFOUR's records through appropriate discovery, and BLAND and MORENO propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## PRAYER

25.     BLAND and MORENO, on behalf of themselves and all similarly situated employees, respectfully request that the Court certify this case as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against Defendant BALFOUR for the following:

(a) actual and liquidated damages for unpaid overtime wages under the Fair Labor Standards Act, as amended;

(b) liquidated damages as provided by the statute;

(c) reasonable attorney's fees under the Fair Labor Standard Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court; and

(f) any other relief to which BLAND, MORENO and the members of the class may be entitled, whether in law or equity.

## JURY TRIAL DEMAND

BLAND and MORENO, on behalf of themselves and members of the class, demand a jury trial on all issues so triable.

Respectfully submitted,

/s/ Melissa Morales Fletcher
**MELISSA MORALES FLETCHER**
Attorney-in-Charge
State Bar No. 24007702
MELISSA MORALES FLETCHER, P.C.
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Phone:        (210) 225-0811
Facsimile:    (210) 225-0821


/s/ Lawrence Morales II
**LAWRENCE MORALES II**
The Morales Firm P.C.
State Bar No. 24051077
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Telecopier No. (210) 225-0821

***ATTORNEYS FOR PLAINTIFFS***